**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St., #80594
San Francisco, CA 94104
Telephone:   (415) 488-8041
Facsimile:    (415) 651-9700

**Kazerouni Law Group, APC**
Ryan L. McBride (SBN: 297557)
ryan@kazlg.com
4455 E. Camelback Road, Suite C250
Phoenix, Arizona 85018
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
*Attorneys for Plaintiff*,
Yong Hee Chung

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

# UNITED STATES DISTRICT COURT
## FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **YONG HEE CHUNG,** | **Case No.: 2:22-cv-01952** |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| v. | |
| **ALLY FINANCIAL, INC.,** | 1. **CALIFORNIA IDENTITY THEFT ACT, CAL. CIV. CODE §§ 1798.92 ET SEQ.** |
| Defendants. | 2. **THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.; AND** |
| | 3. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE §§ 1785.1, ET SEQ.** |
| | **JURY TRIAL DEMANDED** |

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

## INTRODUCTION

1. Plaintiff Yong Hee Chung ("Plaintiff") a victim of identity theft. An unknown and unauthorized individual used Plaintiff's personal identifying information (PII) to open three auto loans in Plaintiff's name, totaling around $200,000, which Ally Financial, Inc. ("Defendant") is now claiming are due from Plaintiff.

2. Plaintiff provided Defendant with a full Identity Theft Notification ("IDTN") by certified mail, sent on September 30, 2021, and received by Defendant on October 6, 2021, which included written notice that Plaintiff was a victim of identity theft, a signed affidavit of identity theft, a police reporting regarding the identity theft, a copy of his driver's license, address verification, 5 copies of his signature, and annotated copies of Plaintiff's consumer disclosures with the disputed items circled.

3. Nonetheless, Defendant has continued to report the three accounts to Plaintiff's credit reports and is still claiming that the amount(s) are due from Plaintiff to Defendant.

4. To date, Defendant has refused to fully investigate Plaintiff's claim of identity theft and that account(s) were opened without Plaintiff's permission or authorization, and has instead continued to hold Plaintiff accountable for payment of the debt(s) that were incurred as the result of identity theft in violation of the California Identity Theft Act, Cal. Civ. Code §§ 1798.92 et seq. ("CITA").

5. **YONG HEE CHUNG**, by his attorney, brings this action for actual damages, statutory damages, injunctive relief, attorneys' fees, and costs, against **ALLY FINANCIAL, INC.,** for violations of the CITA, the Fair Credit Reporting Act 15 U.S.C. §§ 1681 et seq., ("FCRA"), and for violations of California Civil Code §§ 1785 et seq. ("CCRAA").

///

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

6.    Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

7.    While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8.    All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

9.    Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendant named.

10.   The CITA found at §§ 1798.92-1798.93, provides that "a person may bring an action against a claimant to establish that the person is a victim of identity theft in connection with the claimant's claim against that person." A claimant is someone "who has or purports to have a claim for money or an interest in property in connection with a transaction procured through identity theft." A victim of identity theft is "as person who had his or her personal identifying information used without authorization by another to obtain credit, goods, services, money, or property, and did not use or possess the credit, goods, services, money, or property obtained by the identity theft, and filed a police report in this regard." Additionally, a victim of identity theft is entitled to a civil penalty of up to $30,000 if the victim shows that: 1) at least 30 days prior to filing a court case (or within the cross-complaint), the victim provided written notice to the claimant that a situation of identity theft might exist and explain the basis for that belief, 2) that the claimant failed to diligently investigate the victim's notification of a possible identity theft, and 3) that the claimant continued to pursue its claim after it was presented with facts that were later

held to entitle the victim to a judgment pursuant to CITA. Other remedies available to a CITA victim include actual damages, attorneys' fees and costs, and equitable relief that the court deems appropriate.

11. The FCRA was originally enacted in 1970. The express purpose of the FCRA was to require that consumer reporting agencies adopt and implement "reasonable procedures" for ensuring that credit information about a consumer was collected, maintained, and dispensed "in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy and proper utilization of such information …" 15 U.S.C. § 1681(b); Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 127 S.Ct. 2201, 2205 (2007). The Congressional findings noted that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with of fairness, impartiality, and respect for the consumer's right to privacy." The FCRA also imposes duties on the sources that provide credit information to consumer reporting agencies, who are called "furnishers."

12. The CCRAA, the California version of the FCRA, was originally enacted in 1975. In language virtually identical to that found in the original FCRA legislation, the California Legislature stated the CCRAA's purpose was "to require that consumer credit reporting agencies adopt reasonable procedures" for handling credit information so as to ensure it was handled in a manner which was "fair and equitable to the consumer with regard to confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title." In 1993, the California Legislature amended the CCRAA and added a section that imposes duties on furnishers similar to those found in the FCRA. For example, Civil Code § 1785.25(a) provides that the furnisher "shall not" furnish credit information to "any credit reporting agency if the person [furnisher] knows or should know the information is incomplete or inaccurate."

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

13. Under the FCRA, the term "consumer report means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer."

## JURISDICTION AND VENUE

14. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, 15 U.S.C. § 1681p, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

15. This action arises out of Defendant's violations of the Fair Credit Reporting Act 15 U.S.C. §§ 1681 et seq., and California Civil Code §§ 1785 et seq.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

17. Plaintiff is a natural person who resides Los Angeles County, California. Plaintiff is a "victim of identity theft" as that term is defined by Cal. Civ. Code § 1798.92(d), a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and by Cal. Civ. Code § 1785.3(b).

18. Defendant Ally Financial, Inc. is a Delaware corporation operating from an address of 500 Woodward Ave., Detroit, MI 10005 and is a "person" as defined by 15 U.S.C. § 1681a(b).

19. Defendant purports to have a claim for, and/or has attempted to collect money or an interest in property in connection with a transaction procured through identity

///

theft and is therefore a "claimant" as that term is defined by Cal. Civ. Code § 1798.92(a).

20. This case involves Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1) and "consumer credit report(s)" as that term is defined by Cal. Civ. Code § 1785.3(c).

21. Defendant is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences, and is a "person" who "furnished information on a specific transaction or experience to any consumer credit reporting agency" under Cal. Civ. Code §§ 1785.3(j) and 1785.25.

### FACTUAL ALLEGATIONS

22. Plaintiff is individual residing in Los Angeles County, California.

23. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted and continues to conduct business in the State of California.

24. Plaintiff has been living abroad in South Korea since 2015, but maintains a residence in California.

25. On or around July 31, 2020, Plaintiff checked his credit reports and saw fraudulent accounts on his reports that he did not recognize, among them the three Ally accounts.

26. The three Ally accounts, account numbers 06192384*2608, 61192470*7457, 61192440*9195 that appear on Plaintiff's Experian, and Equifax credit reports list the following amounts: $50,088, $89,117, and $55,113. The account with amount $89,117 listed appears twice on Plaintiff's Equifax credit report.

27. Plaintiff did not open any of these accounts, and he did not provide authority for anyone to use his personal identifying information ("PII") to open any account in his name.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

28. On September 30, 2021, Plaintiff sent Defendant a full IDTN via certified mail (in accordance with Cal. Civ. Code § 1798.93(6)(a-c), which was received by Defendant on October 6, 2021.

    a. Attached to this IDTN was a copy of Plaintiff's Identity Theft Affidavit, Plaintiff's police report, a copy of Plaintiff's driver's license, examples of Plaintiff's signature, copies of Plaintiff's consumer disclosures with the fraudulent accounts indicated, and address verification.

    b. Plaintiff also requested in the IDTN, that the information listed under Cal. Penal Code § 530.8 be provided to him by Defendant within 10 days of receipt of the IDTN and such request.

29. Defendant did not respond to Plaintiff's IDTN.

30. On September 30, 2021, Plaintiff sent Equifax a full IDTN via certified mail (in accordance with Cal. Civ. Code § 1798.93(6)(a-c), which was received by Defendant on October 4, 2021.

    a. Attached to this IDTN was a copy of Plaintiff's Identity Theft Affidavit, Plaintiff's police report, a copy of Plaintiff's driver's license, examples of Plaintiff's signature, copies of Plaintiff's consumer disclosures with the fraudulent accounts indicated, and address verification.

    b. Plaintiff also requested in the IDTN, that the information listed under Cal. Penal Code § 530.8 be provided to him by Defendant within 10 days of receipt of the IDTN and such request.

31. Plaintiff's November 24, 2021, Equifax consumer disclosure still had the Ally accounts on it with all inaccurate information still present.

32. On September 30, 2021, Plaintiff sent Experian a full IDTN via certified mail (in accordance with Cal. Civ. Code § 1798.93(6)(a-c), which was received by Defendant on October 6, 2021.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

    a.  Attached to this IDTN was a copy of Plaintiff's Identity Theft Affidavit, Plaintiff's police report, a copy of Plaintiff's driver's license, examples of Plaintiff's signature, copies of Plaintiff's consumer disclosures with the fraudulent accounts indicated, and address verification.

    b.  Plaintiff also requested in the IDTN, that the information listed under Cal. Penal Code § 530.8 be provided to him by Defendant within 10 days of receipt of the IDTN and such request.

33.  Plaintiff's March 14, 2022, Experian consumer disclosure still had the Ally accounts on it with all inaccurate information still present.

34.  On information and belief, both Equifax and Experian sent ACDVs to Defendant after they received Plaintiff's IDTN(s).

35.  On information and belief, Defendant received ACDVs from both Equifax and Experian after IDTN(s) were sent to the CRAs.

36.  Plaintiff attempted to call Defendant to see if Defendant was still holding Plaintiff responsible for payment of these accounts, and Defendant refused to provide any information.

37.  Defendant is still reporting the three accounts to Plaintiff's credit reports.

38.  Defendant therefore purports to have a claim for and/or has attempted to collect money from and/or has maintained an interest in property in connection with a transaction procured through identity theft, and is therefore a "claimant" as that term is defined under Cal. Civ. Code § 1798.92(a).

## ACTUAL DAMAGES

39. As a result of Defendant's actions, omissions, and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, invasion of privacy, mental and emotional pain, anguish, humiliation and embarrassment of credit denials, amongst others. Plaintiff has further spent countless hours and suffered

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

pecuniary loss in attempting to correct Defendants' reporting of inaccurate and derogatory information, without success, including but not limited to time loss, charges for cellular phone usage and charges for postage.

40. Plaintiff's injuries are concrete. Defendants' conduct of reporting inaccurate and derogatory information is analogous to the common law tort of defamation. Furthermore, Congress and the California legislature enacted the FCRA and CCRAA to protect consumers from precisely the conduct described in this Complaint. Congress and the California legislature found that the banking system is dependent upon fair and accurate credit reporting; and that, inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Consequently, the FCRA and CCRAA were enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The alleged transgressions by Defendants would, if left unchecked in a competitive marketplace, naturally propagate had Congress and the California legislature not created laws to give vulnerable consumers a voice and a mechanism for private enforcement.

### CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE CITA

### CAL. CIV. CODE § 1798.93

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of CITA.

43. Plaintiff brings this cause of action pursuant to Cal. Civ. Code § 1798.93. Plaintiff is the victim of identity theft in connection with the alleged claims of Defendant based upon alleged debt(s) and/or security interest resulting from identity theft.

44. Plaintiff has provided written notice to Defendant that a situation of identity theft did exist as to the opening of the Ally account (August 27, 2018, application) including a copy of the Police Report regarding such identity theft. Defendant has failed to diligently investigate Plaintiff's notification of identity theft. Defendant has continued to purport to have a claim or interest in collecting the debt incurred as a result of identity theft from Plaintiff after Defendant was presented with the facts that entitle Plaintiff to a judgment pursuant to Cal. Civ. Code § 1798.93.

45. As a result of each and every violation of the CITA, Plaintiff is entitled to actual damages, including emotional distress damages, pursuant to Cal. Civ. Code § 1798.93(a)(5); attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5); any equitable relief the court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5); and a civil penalty, in addition to any other damages, of up to $30,000.00, from Defendant , pursuant to Cal. Civ. Code § 1798.93(c)(6).

46. In addition, Plaintiff is entitled to a declaration that Plaintiff is not obligated to Defendant on any claim under Cal. Civ. Code § 1798.93(c)(1); a declaration that any claim to payment, security interest or other interest Defendant purportedly has for the January 2, 2019, fraudulent transaction on Ally account ending in -5121 is void and unenforceable, under Cal. Civ. Code § 1798.93(c)(2); an injunction restraining Defendant from collecting or attempting to collect on the claim, from enforcing or attempting to enforce

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

any security interest or other interest in Plaintiff's property in connection with the claim, or from enforcing or executing on any judgment against Plaintiff on the claim under Cal. Civ. Code § 1798.93(c)(3); and the dismissal of any cause of action based on a claim, which arose because of identity theft under Cal. Civ. Code § 1798.93(c)(4).

## COUNT II

### VIOLATION OF CAL. PENAL CODE § 530.8

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. An entity violates Penal Code § 530.8 when it fails to provide a person who has had an account applied for or opened in their name by an unauthorized person with (1) information relating to the unauthorized application or account, including a copy of the unauthorized person's application information and a record of transactions or charges associated with the application or account, (2) categories of identifying information that the unauthorized person used to complete the application or open the account, and (3) copies of all paper records, records of phone applications/authorizations, and/or records of electronic applications/authorizations, without charge, within ten (10) business days of the entity's receipt of the person's request and submission of a police report regarding the ID theft.

49. Defendant violated Penal Code § 530.8 when it failed to provide the required information within ten (10) business days of submission of the request and police report. Plaintiff sent the request and IDTN to Defendant on or around March 30, 2020. To date, Defendant has not provided any of the required information to Plaintiff at all.

///

///

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

# COUNT III

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681S-2(B)(1)(A)

### [AGAINST DEFENDANT ALLY]

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Ally violated 15 U.S.C. § 1681s-2(b)(l)(A) by failing to fully and properly investigate Plaintiff's disputes.

52. Ally understood the nature of Plaintiff's disputes when it received an ACDV from one or more CRAs.

53. As a result of the conduct, actions and inactions of Ally Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

54. The conduct, actions and inactions by Ally were willful, rendering Ally liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Ally were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

55. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Ally in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

///
///
///
///
///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

## COUNT IV

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681S-2(B)(1)(B)

### [AGAINST DEFENDANT ALLY]

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Ally violated 15 U.S.C. § 1681s-2(b)(l)(B) by failing to review all relevant information provided by the consumer reporting agencies.

58. As a result of the conduct, actions and inactions of Ally Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

59. The conduct, actions and inactions by Ally were willful, rendering Ally liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Ally were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

60. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Ally in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT V

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681S-2(B)(1)(C) AND (D)

### [AGAINST DEFENDANT ALLY]

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

62. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Ally violated 15 U.S.C. § 1681s-2(b)(l)(C) and (D) by publishing the Ally reporting to Plaintiff's credit files with one or more CRAs without also including a notation that the inaccurate status of the debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

63. As a result of the conduct, actions and inactions of Ally Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

64. On information and belief, Plaintiff alleges that the procedures followed regarding Plaintiff's FCRA disputes through e-Oscar were the procedures that Ally intended their employees or agents to follow.

65. The conduct, actions and inactions by Ally were willful, rendering Ally liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Ally were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

66. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Ally in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT VI

### VIOLATION OF THE CCRAA

### CAL CIV § 1785.25(A)

### [AGAINST DEFENDANT ALLY]

67. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

68. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Ally violated Cal. Civ. Code § 1785.25(a) by furnishing incomplete and/or inaccurate information about Plaintiff to one or more consumer credit reporting agencies when they knew or should have known that the information was incomplete or inaccurate.

69. As a result of the conduct, actions and inactions of Ally Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

70. The conduct, actions and inactions by Ally were willful, rendering Ally liable for punitive damages in an amount of up to $5,000 for each violation to be determined by the Court pursuant to Cal. Civ. Code § 1731(a)(2)(B). In the alternative Ally were negligent entitling the Plaintiff to recover under Cal. Civ. Code § 1785.31(a)(1).

71. Plaintiff is entitled to recover actual damages, costs and attorney's fees from Ally in an amount to be determined by the Court pursuant to Cal. Civ. Code §1785.31(a)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

a) Actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5), 15 U.S.C. §§ 1681n and 1681o, and Cal. Civ. Code § 1785.31(a)(1) against Defendant and for Plaintiff;

b) An award of any equitable relief the Court deems appropriate, pursuant to Cal. Civ. Code § 1798.93(c)(5) against Defendant and for Plaintiff;

c) A civil penalty of up to $30,000.00, pursuant to Cal. Civ. Code § 1798.93(c)(5) against Defendant and for Plaintiff;

d) Punitive damages pursuant to 15 U.S.C. §§ 1681n and 1681o against Defendant and for Plaintiff;

e) Costs and reasonable attorneys' fees pursuant to Cal. Civ. Code § 1798.93(c)(5), 15 U.S.C. §§ 1681n and 1681o, and Cal. Civ. Code § 1785.31(a)(1) against Defendant and for Plaintiff;

f) A declaration that Plaintiff is not obligated to Defendant on any claims pursuant to Cal. Civ. Code § 1798.93(c)(1) against Defendant and for Plaintiff;

g) A declaration that any security interest, or other interest, Defendant purportedly obtained in Plaintiff's property, in connection with any claim, is void and unenforceable pursuant to Cal. Civ. Code § 1798.93(c)(2) against Defendant and for Plaintiff;

h) The dismissal of any cause of action filed based on a claim, which arose as a result of identity theft pursuant to Cal. Civ. Code § 1798.93(c)(4) against Defendant and for Plaintiff;

i) An injunction restraining Defendant from collecting or attempting to collect on the claim, from enforcing or attempting to enforce any security interest or other interest in Plaintiff's property in connection with the claim, or from enforcing or executing on any judgment against Plaintiff on the claim pursuant to Cal. Civ. Code § 1798.93(c)(3) against Defendant and for Plaintiff;

j) Award of injunctive relief pursuant to Cal. Civ. Code § 1798.93(c)(3) that Defendant be ordered to immediately stop collecting this amount from Plaintiff against Defendant and for Plaintiff;

k) Award of actual damages pursuant to Cal. Penal Code § 530.8(d)(2), against Defendant and for Plaintiff;

///

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

l) Statutory penalty of $100 per day of noncompliance with Cal. Penal Code § 530.8, pursuant to Cal. Penal Code § 530.8(d)(2), against Defendant and for Plaintiff;

m) Award of reasonable attorneys' fees pursuant to Cal. Penal Code § 530.8(d)(2), against Defendant and for Plaintiff;

n) An order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

o) An order directing that Defendant sends Plaintiff's updated and corrected credit report information to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years; and

p) Award to Plaintiff of such other and further relief as may be just and proper.

## **TRIAL BY JURY IS DEMANDED**

72. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**THE CARDOZA LAW CORPORATION**

DATED: March 24, 2022

BY: /s/ LAUREN B. VEGGIAN
LAUREN B. VEGGIAN, ESQ.
MICHAEL F. CARDOZA, ESQ.
ATTORNEYS FOR PLAINTIFF
YONG HEE CHUNG

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

## ELECTRONICALLY STORED INFORMATION REQUEST

This notice is to demand that you preserve all documents, tangible things and electronically stored information ("ESI") potentially relevant to any issues in the above-entitled matter. This specifically includes, but is not limited to, all information pertaining to the above matter, including specifically all recordings of any telephone communication between your company and Plaintiff.

As used in this request, "you" and "your" or "your client" refers to your organizations, and its predecessors, successors in interest, assignees, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, servants, agents, attorneys, and accountants.

Much of the information subject to disclosure or responsive to discovery is stored on your client's current and former computer systems and other media and devices (such as: personal digital assistants, voice-messaging systems, online repositories and cell phones).

Electronically stored information ("ESI") should be afforded the broadest possible definition and includes (for example and not as an exclusive list) potentially relevant information whether electronically, magnetically or optically stored.

This preservation obligation extends beyond ESI in yours or your client's care, possession or custody and includes ESI in the custody of others that is subject to your client's direction or control. You must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your client's obligation to do so, and you must try to secure their compliance.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104